CLAUDIA G. SILVA, County Counsel (SBN 167868)
FRANCES ROGERS, Senior Deputy (SBN 227973)
HEATHER MURRAY, Senior Deputy (SBN 290345)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531-6219/Facsimile:  (619) 531-6005
Email: Frances.Rogers@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MONZON, ANDREA ZARATTINI, individually and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  '23 CV0445 BEN WVG<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** |

TO:  THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Comes now Defendant, County of San Diego, by and through its undersigned counsel, and hereby gives Notice of Removal of the civil action entitled Karen Monzon and Andrea Zarattini, v. County of San Diego, Case No. 37-2023-00008195-CU-OE-CTL, from the Superior Court of the State of California, in and for the County of San Diego, Central Division, to the United States District Court for the Southern District of California.  In support thereof, Defendant respectfully states to this honorable Court as follows:

///

1.      The Complaint in the aforementioned action was filed on February 27, 2023 and Defendant, County of San Diego, was served with the Complaint and Summons on March 7, 2023.  A copy of the Complaint is attached as Exhibit A.  A copy of the Summons is attached as Exhibit B.

2.      The Complaint in this action asserts claims under 29 U.S.C. §§ 206, 207(a), 216 (B); over which the federal district court has original jurisdiction.

3.      Pursuant to the provisions of 28 U.S.C. section 1441(a), Defendant hereby removes this action to the United States District Court for the Southern District of California.


Dated: March 10, 2023            CLAUDIA G. SILVA, County Counsel

By /s/Frances Rogers

FRANCES ROGERS, Senior Deputy County Counsel
Attorneys for Defendant County of San Diego

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/27/2023** at 02:48:10 PM

Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

**HARIRI LAW GROUP**
RAMIN R. HARIRI  (SBN: 251625)
402 West Broadway Floor 21
San Diego, CA 92101
Tel: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – CENTRAL

| | |
|---|---|
| KAREN MONZON, ANDREA ZARATTINI, individually and on behalf of all employees similarly situated, Plaintiffs<br><br>PLAINTIFFS,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; DOES 1-10, inclusive<br><br>Defendants. | CASE NO.  37-2023-00008195-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY WAGES OWED UNDER THE FAIR LABOR STANDARDS ACT - 29 U.S.C. §§ 206, 207(a), 216 (B)**<br>2. **FAILURE TO PAY MINIMUM WAGE -  Cal. Labor Code §§ 1194, 1197**<br>3. **FAILURE TO PAY OVERTIME - Cal. Labor Code §§ 510, 1194**<br>4. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS - Cal. Labor Code § 226**<br>5. **WAITING TIME PENALTIES - Cal. Labor Code §§ 201-203** |

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

-1-
PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-1**

**INTRODUCTION**

1.      COMES NOW, Plaintiffs, KAREN MONZON and ANDREA ZARATTINI on behalf of themselves and all others similarly situated (hereinafter sometimes collectively referred to as "Plaintiffs"), hereby files this Class Action Complaint against Defendants COUNTY OF SAN DIEGO and Does 1-50.  Plaintiffs complain and allege as follows:

2.      Plaintiffs bring this action on behalf of themselves and all current and former Employees within the State of California who, at any time from three (3) years prior to the filing of this lawsuit through its resolution, are or were employed in the Construction Engineering Division of the San Diego County Department of Public Works by Defendants COUNTY OF SAN DIEGO ("COUNTY") and DOES 1 through 10 (all defendants being collectively referred to herein as "Defendants").  Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and also bring a collective action for Defendants' violations of the provisions of the Fair Labor Standards Act ("FLSA"), including 29 U.S.C. §§ 206 and 207, and seek redress for these violations.

**PARTIES**

3.      Plaintiffs KAREN MONZON was at all relevant times an employee of Defendants, and an individual residing in the State of California.

4.      Plaintiff ANDREA ZARATTINI (collectively, with Plaintiff MONZON, "Plaintiffs") was at all relevant times an employee of Defendants and an individual residing in the State of California.

5.      Plaintiffs allege on information and belief that Defendant COUNTY OF SAN DIEGO, ("COUNTY") was at all relevant times a municipality, duly chartered and existing in the County of San Diego, California.

6.      Plaintiffs are currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 50, inclusive, and therefore sue those defendants by those fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

-2-
PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-2**

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

7.      Plaintiffs are informed and believe and on that basis allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 50, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.  At all times herein mentioned, Defendants, and each of them, and DOES 1-50 were the agents, servants, employees, permissive users, joint venturers, successors in interest, assigns and subsidiaries, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, servants, employees, permissive users, joint venturers, successors in interest, assigns and subsidiaries.  (Defendants COUNTY, and DOES 1 through 50, inclusive, are hereinafter collectively referred to as "Defendants".)

## JURISDICTION AND VENUE

8.      Venue is proper given that the wrongful acts complained of herein occurred in the County of San Diego, State of California, and Defendants were doing business and had offices in the State of California.

9.      Venue is proper in San Diego County pursuant to Code of Civil Procedure section 395(a) and 395.5 because liability arose in San Diego County, at least some of the transactions that are the subject matter of this Complaint occurred therein, and Defendants transact substantial business in San Diego County.

## GENERAL ALLEGATIONS

10.     Plaintiff MONZON was hired by Defendant COUNTY on or about May 2019. Plaintiff was hired as an Assistant Civil Engineer for the Construction Engineering Division of the San Diego County Department of Public Works.

11.     Plaintiff ZARATTINI was hired by Defendant COUNTY on or about April 2003. Plaintiff was hired as an Engineering Technician for the Construction Engineering Division of the San Diego County Department of Public Works.

12.     Plaintiffs are classified by Defendant COUNTY as a non-exempt employees for the purposes of overtime compensation.

13.     Defendant COUNTY employs a variety of engineers in the Department of Public Works, all of which are classified into different categories, for example: Assistant Engineer; Civil

-3-

**Exhibit A-3**

1    Engineer; Engineering Technician.

2        14.    During the time period relevant to this Complaint, Plaintiffs have been employed

3    by Defendant COUNTY as non-exempt engineers within the State of California, and consistently

4    worked at Defendant's behest without being paid all wages due.  Plaintiffs and the other similarly

5    situated Class members were employed by Defendant COUNTY and assigned responsibilities as

6    employees performing tasks relating to engineering.  Upon information and belief, Plaintiffs and

7    their co-workers were employed by Defendant COUNTY and (1) shared similar job duties and

8    responsibilities; and (2) endured similar violations at the hands of Defendant COUNTY as the

9    other Class members who served in similar and related positions.

10       15.    Plaintiffs allege that they and the Class members were either not paid by Defendant

11   COUNTY for all hours worked or were not paid at the appropriate minimum, regular and overtime

12   rates.

13       16.    Plaintiffs and Class members allege that approval for overtime was regularly denied

14   by supervisors, but that Plaintiffs and the Class were still required by Defendant COUNTY to

15   complete tasks that required work in excess of eight (8) in a given work day or over forty (40) in

16   a given work week.

17       17.    Defendant COUNTY required Plaintiffs and the Class to work off the clock and

18   failed to record accurate time worked by these employees, including by not paying them for all

19   hours worked, failed to pay them at the appropriate overtime rates for all hours worked, and

20   provided Plaintiffs and the Class members with inaccurate wage statements that prevented

21   Plaintiffs and the Class from learning of these unlawful pay practices.

22       18.    By reason of this uniform exemption practice applicable to Plaintiffs and other

23   similarly situated employees who form the Class who performed non-exempt tasks required by

24   Defendant COUNTY, Defendant committed acts of unfair competition by engaging in a uniform

25   company-wide policy, practice and procedure which failed to analyze the amount of non-exempt

26   tasks performed by Plaintiffs and other similarly situated employees and thereafter failed to

27   correctly determine whether these individuals were being paid all wages owed.

28

Hariri Law Group
402 West Broadway Floor 21
San Diego. CA 92101

-4-
PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-4**

19.     Defendant COUNTY's wage policies and practices also prevented Defendant from recording or otherwise knowing the actual hours worked by Plaintiffs and the Class, and in turn Defendant did not maintain accurate records from which they can calculate overtime incurred. To whatever extent the hours worked by Plaintiffs and the Class members, or the actual hours paid for work completed, were greater than eight (8) in a given work day or over forty (40) in a given work week.

20.     Defendant COUNTY knowingly failed to adequately compensate Plaintiffs and the Class members for all wages earned (including premium wages such as overtime wages, double-overtime wages) under the California Labor Code ("Labor Code") and Fair Labor Standards Act ("FLSA") thereby enjoying a significant competitive edge over Defendants' competitors.

21.     Plaintiffs and the Class members regularly worked more than eight hours in a day and 40 hours in week.

22.     When Defendant COUNTY issued Plaintiffs and the Class members a wage statement, the wage statement was inaccurate in that it failed to accurately itemize the total hours worked by Plaintiffs and the Class members. Furthermore, where Defendant COUNTY failed to compensate for any overtime and double overtime hours worked, the wage statements were inaccurate and in violation of Labor Code § 226(a).

## CLASS AND COLLECTIVE ALLEGATIONS

23.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. The Class that Plaintiffs seek to represent is the following: At any time from three (3) years prior to the filing of this action through the date of the Court's granting of class certification in this matter, all persons who are or have been employed by Defendant COUNTY in the Department of Public Works who were classified as non-exempt employees and yet were not paid all wages earned (the "Class").

24.     This action has been brought and may be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**Exhibit A-5**

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

25.     Plaintiffs also bring this action pursuant to 29 U.S.C. § 216 on behalf of a collective defined as: All current and former non-exempt employees who were employed by Defendant COUNTY in the Department of Public Works who were classified as non-exempt employees and yet were not paid all wages earned at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a date as determined by the Court (the "FLSA Class").  Pursuant to 29 U.S.C. § 216(b), to become members of this FLSA collective action, the putative class members of the FLSA Class are required to opt in to this action by filing their consents with the Court.

26.     *Numerosity*, The potential members of the Class as defined herein are numerous and therefore joinder of all of the members of the Class is impracticable, especially when employee turnover during the Class period is taken into account.  Defendants' employment records applicable to the Class are required before an accurate number can be determined, but Plaintiffs are informed and believe that the potential members of the Class are significant.

27.     *Commonality*, There are questions of law and fact that are common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the potential Class, including but not limited to the following:

a.      The claims of the representative Plaintiffs are typical of the claims of each member of the Class.  Plaintiffs, like all other members of the Class, was classified as non-exempt, but was denied 1) all wages earned, 2) overtime compensation, 3) accurate wage statements.  Plaintiffs sustained economic injury as a result of Defendant COUNTY's employment practices.  Plaintiffs and Class Members were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by Defendant by deceptively denying all Class Members wages earned, and unfairly failing to pay overtime to employees.

28.     *Typicality*, Plaintiffs' claims are typical of the Class. Plaintiffs and other Class Members sustained damages due to Defendant COUNTY's failure to pay all wages earned, overtime compensation, and to provide accurate wage statements.

Hariri Law Group
402 West Broadway Floor 21
San Diego. CA 92101

-6-

PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-6**

29.     *Adequacy of Representation*, Plaintiffs are members of the Class and will fairly and adequately represent and protect the interests of the Class.  Plaintiffs' interests do not conflict with the interests of the Class.  Plaintiffs' counsel is competent and experienced in litigating wage and hour class actions and will devote sufficient time and resources to the case and adequately represent the interests of the Class.

30.     *Superiority,* a class action superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Code of Civil Procedure § 382.  In the context of wage litigation because as a practical matter a substantial number of individual members of the Class will avoid asserting their legal rights out of fear of retaliation by Defendant COUNTY, which may adversely affect an individual's job with Defendant or with a subsequent employer, the class action is the only means to assert their claims through a representative.

**FIRST CAUSE OF ACTION**

**UNPAID WAGES AND OVERTIME UNDER FEDERAL LABOR STANDARDS ACT**

**[29 U.S.C. §§ 206,207(a)]**

**(AGAINST ALL DEFENDANTS)**

31.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

32.     Plaintiffs bring this action on behalf of themselves and other members of the proposed FLSA Class as a collective action pursuant to 29 U.S.C. § 216(b), under the FLSA, 29 U.S.C. § 201 et seq.

33.     At all relevant times, Defendant COUNTY is and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed all members of the proposed FLSA Class as "employees" within the meaning of the FLSA, 29 U.S.C. § 203.

34.     During the applicable statutory period, Defendant COUNTY caused Plaintiffs and the FLSA Class to routinely work more than forty (40) hours in a workweek without proper

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

**Exhibit A-7**

1    overtime compensation. Therefore, in violation of FLSA, Defendant COUNTY failed to properly

2    compensate Plaintiffs and members of the proposed FLSA Class for all hours worked in excess of

3    forty (40) hours in a workweek.

4        35.    At all relevant times, Defendant COUNTY willfully, regularly and repeatedly

5    failed to make, keep and preserve accurate records required by FLSA with respect to Plaintiffs and

6    the other FLSA Class members, including records sufficient to accurately determine the wages

7    and hours of employment pertaining to Plaintiffs and the other FLSA Class members.

8        36.    Plaintiffs and the FLSA Class are not exempt from the overtime requirements of

9    FLSA under 29 U.S.C. § 213, and Defendant COUNTY's regular, repeated, and knowing failure

10   to compensate Plaintiffs and the FLSA Class at the required overtime rate constitutes willful

11   violation of the FLSA.

12       37.    Pursuant to 29 U.S.C. §§ 206, 207(a) and 216(b), Plaintiffs and the other members

13   of the FLSA Class are entitled to damages in the amount of their respective unpaid wages,

14   including unpaid overtime compensation, and liquidated damages as provided by the FLSA,

15   attorney's fees and costs of action, injunctive relief requiring Defendant COUNTY to cease and

16   desist from their violations of FLSA described herein and to comply with FLSA, and such other

17   legal and equitable relief as the Court deems just and proper.

18                        **SECOND CAUSE OF ACTION**

19                     **FAILURE TO PAY MINIMUM WAGE**

20                      **[Cal. Labor Code §§ 1194, 1197]**

21                       **(AGAINST ALL DEFENDANTS)**

22       38.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding

23   paragraphs of this complaint.

24       39.    Labor Code § 1197 states the California requirement that employees must be paid

25   at least the minimum wage fixed by the Commission, and any payment of less than the minimum

26   wage is unlawful. Similarly, Labor Code § 1194 entitles "any employee receiving less than the

27   legal minimum wage...to recover in a civil action the unpaid balance of the full amount of this

28   minimum wage." IWC Wage Order 8-2001 also obligates employers to pay each employee

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

-8-

**Exhibit A-8**

1   minimum wages for all hours worked. These minimum wage standards apply to each hour
2   employees worked for which they were not paid.

3      40.   Defendant COUNTY required Plaintiffs and the Class to regularly perform work-
4   off-the-clock for which they did not receive any compensation. Specifically, as part of their
5   uniform employment policies.

6      41.   In committing these violations of the California Labor Code, Defendant
7   inaccurately recorded or calculated the correct time worked and consequently underpaid the actual
8   time worked by Plaintiffs and other members of the Class. Defendant acted in an illegal attempt
9   to avoid the payment of all earned wages, and other benefits in violation of the California Labor
10  Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.
11  As a result of these violations, Defendant also failed to timely pay all wages earned in accordance
12  with California Labor Code § 1194.

13     42.   In California, employees must be paid at least the then applicable state minimum
14  wage for all hours worked under IWC Wage Order MW-2014. Additionally, pursuant to Labor
15  Code § 204, other applicable laws and regulations, and public policy, an employer must timely
16  pay its employees twice monthly for all hours worked. Defendant failed to do so.

17     43.   Labor Code § 1194 provides, in part, that any employee receiving less than the legal
18  minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage,
19  including interest thereon, reasonable attorney's fees, and costs of suit.

20     44.   Labor Code § 1194.2 allows an employee to recover liquidated damages in an
21  amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code
22  § 1194. Where an employee, such as Plaintiffs and other members of the Class, is not paid for all
23  hours worked under Labor Code § 1194, the employee may recover minimum wages for the time
24  associated with the overtime for which they received no compensation.

25     45.   Plaintiffs and the Class suffered and continue to suffer losses related to the use and
26  enjoyment of compensation due and owing to them as a direct result of Defendant's unlawful acts
27  and Labor Code violations in an amount to be shown according to proof at trial and within the
28  jurisdictional limitations of this Court.

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

**Exhibit A-9**

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

**[Cal. Labor Code §§ 204, 510]**

**(AGAINST ALL DEFENDANTS)**

46.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

47.     On more than one occasion, Defendant COUNTY required Plaintiffs and the Class, non-exempt employees, to work more than eight (8) hours per day, forty (40) hours per week, or any other regular-pay hours per day or workweek, as designated in the Labor Code, and California Code of Regulations.

48.     Defendant failed and refused to pay Plaintiffs and the Class the overtime compensation required by such regulations.

49.     Defendant knew or should have known that Plaintiffs and the Class were entitled to wages and overtime for hours worked, but Defendant systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

50.     Plaintiffs and the Class have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendant's failure and refusal to pay said compensation.

51.     Plaintiffs and the Class pray for compensation of all overtime wages due to them over the applicable statutory period under the statutes, regulations, and wage orders, along with any allowable interest and penalties.

52.     Based on Defendant's conduct as alleged herein, they are liable for civil penalties pursuant to Labor Code § 558 and other applicable provisions of the Labor Code and California Code of Regulations.

53.     Pursuant to Labor Code §§ 218.5 and 1194, Plaintiffs and the Class are also entitled to recover attorney's fees and costs incurred in prosecuting their claims against Defendant.

///

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

-10-

**Exhibit A-10**

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**[Cal. Labor Code §§ 226]**

**(AGAINST ALL DEFENDANTS)**

54.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

55.     At all relevant times, Plaintiffs and the Class were employees of Defendant COUNTY covered by Labor Code § 226 and the applicable Wage Order(s).

56.     Pursuant to Labor Code § 226(a) and the applicable Wage Orders, Plaintiffs and the Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) the total hours worked by the employee; c) net wages earned; d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and e) the employer's name and address.

57.     Defendant failed to provide Plaintiffs and the Class with accurate wage statements in accordance with Labor Code § 226(a).  Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendant maintained payroll policies and procedures of not compensating their employees for all hours worked, but only paying wages for the understated number of hours inaccurately reported as worked on wage statements.

58.     Defendant's failure to provide Plaintiffs and the Class with accurate wage statements was knowing and intentional.  Defendant had the ability to provide Plaintiffs and the Class accurate wage statements but intentionally provided wage statements that Defendant knew were not accurate.

59.     As a result of Defendant's conduct, Plaintiffs and the Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendant's unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct

-11-

**Exhibit A-11**

time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

60.      Pursuant to Labor Code § 226(e), Plaintiffs and the Class are entitled to recovery fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code § 226 occurred and one hundred (100) dollars for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

61.      Pursuant to Labor Code §§ 218 and 226(e), Plaintiffs and the Class are entitled to recover the full amount of penalties under Labor Code § 226(e), reasonable attorney's fees and costs of suit.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES DUE AT SEPARATION**

**[Cal. Labor Code §§ 201-203]**

**(AGAINST ALL DEFENDANTS)**

62.      Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63.      Under Labor Code §§ 201-202, an employer must provide an employee's wages at the time or discharge or within up to seventy-two (72) hours of their resignation. Labor Code § 203 provides "if an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty..." for up to 30 days.

64.      At all times relevant herein, Defendant COUNTY was required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

65.      As a result of Defendant's alleged Labor Code violations alleged above, Defendant regularly failed to pay the Class their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

66.      The conduct of Defendant and its agents and employees as described herein was willfully done in violation of the Class's rights, and done by managerial employees of Defendant.

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

-12-

PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-12**

67.    Defendant's willful failure to provide the Class the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, and each of them, as follows:

FIRST CAUSE OF ACTION

1.   A declaratory judgment that Defendant's violations of FLSA were willful;

2.   Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former employees of Defendant at any time during the two years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty hours in a week during the past three years, but were not paid overtime as required by FLSA;

3.   An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial, pursuant to FLSA;

4.   An award to Plaintiffs and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them;

5.   An award to Plaintiffs and other similarly situated persons who opt into the action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b);

**Exhibit A-13**

## SECOND CAUSE OF ACTION

1. An award to Plaintiffs and the other members of the Class in the amount of their unpaid minimum wages owed, plus interest and/or liquidated damages during the class period, as well as attorney's fees under Labor Code § 1194;

## THIRD CAUSE OF ACTION

1. An award to Plaintiffs and the other members of the Class in the amount of their unpaid overtime wages owed, plus interest and/or liquidated damages during the class period, as well as attorney's fees under Labor Code § 1194;

## FOURTH CAUSE OF ACTION

1. An award to Plaintiffs and other members of the Class of $50 for each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e);

## FIFTH CAUSE OF ACTION

1. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days;

## ALL CAUSES OF ACTION

1. Reasonably attorney's fees, if applicable;

2. Interest accrued on damages and penalties, including prejudgment interest, according to proof; and

3. Any and all damages available under the law.

4. For such other and further relief as the Court deems just and equitable.

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

-14-

**Exhibit A-14**

1

2  Dated: February 27, 2023

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hariri Law Group
402 West Broadway Floor 21
San Diego, CA 92101

Respectfully submitted,

HARIRI LAW GROUP

By: _____
Ramin R. Hariri
Attorney for Plaintiffs

-15-
PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-15**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the above-entitled action.

Respectfully submitted,

Dated: February 27, 2023

HARIRI LAW GROUP

By: _____
Ramin R. Hariri
Attorney for Plaintiffs

Hariri Law Group
402 West Broadway Floor 21
San Diego. CA 92101

-16-
PLAINTIFFS' COMPLAINT FOR DAMAGES

**Exhibit A-16**

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>COUNTY OF SAN DIEGO; DOES 1-10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>KAREN MONZON, ANDREA ZARATTINI, individually and on<br>behalf of all employees similarly situated, Plaintiffs | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/28/2023** at 11:03:00 AM<br>Clerk of the Superior Court<br>By Emily Schilawski,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court - Central<br><br>330 W. Broadway<br>San Diego, CA 92101 | **CASE NUMBER:**<br>37-2023-00008195-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hariri Law Group, 402 West Broadway, Floor 21, San Diego, CA 92101  619-363-2889

| | | | |
|---|---|---|---|
| **DATE:** 03/01/2023<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *E. Schilawski* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons, (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* County of San Diego

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☒ other *(specify):* CCP Section 416.50 (Public Entity)
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

**Exhibit B-1**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov