1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MONZON and ANDREA ZATATTINI, individually and on behalf of all employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 23cv445-JES (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 3]** |

Before the Court is Defendant County of San Diego's (the "County") motion to dismiss. ECF No. 3. Plaintiffs filed an opposition, and Defendant filed a reply. ECF Nos. 4, 5. The matter was taken under submission. After due consideration and for the reasons discussed below, the motion is **GRANTED**.

## I.    BACKGROUND

On February 27, 2023, Plaintiffs initiated this lawsuit against the County in California state court. ECF No. 1, Ex A ("Complaint"). On March 10, 2023, the County removed the case to federal court, asserting federal question jurisdiction based on the claims made under the Fair Labor Standards Act ("FLSA"). ECF No. 1 at 2.

Plaintiffs are both employees of the County's Department of Public Works. Complaint ¶¶ 10-12. Plaintiff Monzon was hired by the County in May 2019 and works as an Assistant Civil Engineer for the Construction Engineering Division of the Department of Public Works. *Id.* ¶ 10. Plaintiff Zarattini was hired by the County in April 2003 and works as an Engineering Technician, also for the Construction Engineering Division of the Department of Public Works. *Id.* ¶ 11. They bring the lawsuit on behalf of themselves and "[a]t any time from three (3) years prior to the filing of this action through the date of the Court's granting of class certification in this matter, all persons who are or have been employed by Defendant County in the Department of Public Works who were classified as non-exempt employees and yet were not paid all wages earned." *Id.* ¶ 23.

Plaintiffs allege that they are classified as non-exempt employees for the purposes of overtime compensation. *Id.* ¶ 12. However, they alleged that they were made to work in excess of 8 hours a day or 40 hours in a week, despite being denied approval for overtime hours. *Id.* ¶ 16. They also allege that they were forced to work off-the-clock and that the County failed to keep accurate time records of hours worked by its employees. *Id.* ¶ 17.

Based on these allegations, Plaintiffs allege violations of: (1) the Federal Fair Labor and Standards Act (29 U.S.C. §§ 206, 207(a)) for failure to pay overtime compensation and to keep accurate records; (2) Cal. Labor Code §§ 1994, 1197 for failure to pay minimum wages; (3) Cal. Labor Code §§ 204, 510 for failure to pay overtime wages; (4) Cal. Labor Code § 226 for failure to provide accurate wage statements; and (5) Cal. Labor Code §§ 201-03 for failure to pay wages due at separation. *Id.* ¶¶ 31-67. Pending now before the Court is the County's motion to dismiss the complaint in its entirety.

## II.    LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d

729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 557 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 557 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

### III.   DISCUSSION

The County raises several arguments in its motion. As a threshold issue, the County argues that all of Plaintiffs' claims must be dismissed because they failed to allege compliance with the Government Claims Act. ECF No. 3-1 at 8-12. The County then raises individual arguments as to the other claims. *Id.* at 12-18.

### A.   Compliance with the Government Claims Act

The County argues that all of Plaintiffs' claims against it must be dismissed because they failed to allege compliance with the California Government Claims Act ("GCA"). The GCA generally states that "no suit for money or damages may be brought

against a public entity [under portions of this Act] until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Cal. Gov't Code § 945.4. However, the GCA provides certain exceptions from this requirement, including for "[c]laims by public employees for fees, salaries, wages, mileage, or other expenses and allowances." *Id.* § 905(c).

Even for exceptions under § 905 however, the act further provides that "[c]laims against a local public entity for money or damages which are excepted by Section 905 . . . and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedure prescribed in any charter, ordinance, or regulation adopted by the local public entity." *Id.* § 935(a). Further, "[t]he procedure so prescribed may include a requirement that a claim be presented and acted upon as a prerequisite to suit thereon. If such a requirement is included, any action brought against the public entity on the claim shall be subject to Sections 945.6 and 946." *Id.* § 935(b).

The County argues that the County of San Diego Administrative Code ("Admin Code") provides just such procedures. ECF No. 3-1 at 8; *see* ECF No. 3-2 at 2-5.[1] The Admin Code provides that for "[a]ll claims excepted by Government Code Section 905," "in accordance with Government Code Section 935, the County requires the presentation of a claim for all claims for money or damages that are otherwise excepted by Government Code Section 905." Admin Code § 145(b). "No suit for money or damages may be brought against the County on a cause of action for which this Article requires a

---

[1] The County requests that the Court take judicial notice of the County of San Diego Administrative Code sections attached to their motion under Federal Rule of Evidence 201. ECF No. 3-2 at 1. Under Rule 201, courts may take judicial notice of facts that are "not subject to reasonable dispute" where it "is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Thus, the Court grants the request for judicial notice. *Shalaby v. Bernzomatic*, No. 11CV68 AJB POR, 2011 WL 4024800, at *4 (S.D. Cal. Sept. 9, 2011) (on a motion to dismiss, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute") (internal quotation marks omitted).

claim to be presented until a written claim has been presented in conformity with the provisions of this Article." *Id.* § 146. Further sections set forth the timing requirement, who the claim must be presented to, response by the County, and other procedures. *Id.* §§ 147-151.5. The County argues that each of Plaintiffs' claims seeks damages (whether unpaid wages, fees, liquidated damages, or statutory damages) and thus, are each subject to presentation before they may become part of this lawsuit. ECF No. 3-1 at 10-12.

While not directly conceding that the above sections of the Admin Code applies, Plaintiffs' opposition nevertheless appears to assume they do and argues that Plaintiffs did in fact comply with the presentation requirement. ECF No. 4 at 3-5. First, Plaintiff Monzon submits a declaration and states that on or about July 27, 2022, she sent via email a document entitled "Labor Compliance Report" to her employer the County of San Diego.[2] ECF No. 4-1 ¶ 2, Ex. A. She further states that the document "contained a factual discussion as to alleged violations of the law by Defendant, when they occurred, and the individuals involved" as well as "calculations as to total amounts of unpaid wages owed due to the violations." *Id.* ¶ 3. Second, Plaintiffs' counsel submits a declaration stating that his office served "Notices of Claim" on the County of San Diego on behalf of the Plaintiffs on March 30, 2023.[3] ECF No. 4-2 ¶ 2, Ex. A. Plaintiffs argue that these provide sufficient notice because they fulfilled the purpose behind the presentation requirement—to give the governmental entity the opportunity to investigate the issue—and strict compliance is not required. ECF No. 4 at 4.

The County argues that these exhibits that Plaintiffs submit in their opposition cannot be considered on a motion to dismiss because compliance had to have been alleged in the operative complaint. ECF No. 5 at 3. Even if they could be considered, the

---

[2] Exhibit A only shows the content of the report, and does not include the email that Plaintiff Monzon states she sent. ECF No. 4-1 at 5-22. Thus, it does not include information regarding the date on which it was sent or the recipient list.

[3] The Court notes that this was sent two days after the instant motion was filed on March 28, 2023. ECF No. 3.

County additionally argues that the exhibits do not show compliance. *Id.* Specifically, the "Labor Compliance Report" exhibit does not show who it was sent to so it does not show compliance as required under the Admin Code, and the "Notices of Claim" were sent *after* the commencement of this lawsuit and cannot satisfy the requirement either. *Id.*

The Court agrees with the County on both counts. The purpose behind the GCA requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004). However, it is not meant to "eliminate meritorious actions" where its purpose has been satisfied. *Id.* Thus, as an example, courts do not mandate that the claim presented to the governmental agency exactly matches the causes of action brought in the state or federal court case, nor do the courts mandate that the claim include the full factual basis. *Id.* at 447 ("Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint."). As another example, courts also sometimes found substantial compliance where the claim was submitted to the wrong governmental entity based on mistaken assumption about the relationships between entities or where the entities were *ex officio* members of another. *See, e.g.*, *Elias v. San Bernardino Cnty. Flood Control Dist.*, 68 Cal. App. 3d 70, 75 (1977); *Bettencourt v. Los Rios Cmty. Coll. Dist.*, 42 Cal. 3d 270, 276 (1986). However, a claim presented to the wrong entity that was distinct from the correct one is generally insufficient. *Santee v. Santa Clara Cnty. Off. of Educ.*, 220 Cal. App. 3d 702, 714 (1990).

Though the courts have provided for some flexibility for "substantial" compliance, "timely claims presentation is not merely a procedural requirement, but a condition precedent to the claimant's ability to maintain an action against the public entity." *Stampfli v. Susanville Sanitary Dist.*, No. 220CV01566WBSDMC, 2021 WL 2457379, at *10 (E.D. Cal. June 16, 2021). "California law is clear that the CGCA requires a plaintiff

1  to state factual reasons for compliance or noncompliance in his or her complaint."
2  *Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1044 (N.D. Cal. 2012); *State of*
3  *California v. Superior Ct.*, 32 Cal. 4th 1234, 1239, 90 P.3d 116, 119 (2004) (rejecting
4  Plaintiff's argument that his "complaint need not allege facts demonstrating or excusing
5  compliance with the requirement because compliance is not an element of a cause of
6  action against a public entity" and holding that "failure to allege facts demonstrating or
7  excusing compliance with the claim presentation requirement subjects a claim against a
8  public entity to a demurrer for failure to state a cause of action").

9       Thus, here, Plaintiffs' declarations and exhibits submitted in the opposition papers
10 are not sufficient to substitute for clear allegations regarding compliance in the
11 complaint. The complaint is devoid of any mention of compliance. *See generally*
12 Complaint. Furthermore, even if the Court were to consider the declarations and exhibits
13 as currently submitted, they do not establish compliance. Plaintiff Monzon stated that she
14 sent the "Labor Compliance Report" to her "employer the County of San Diego." ECF
15 No. 4-1 ¶ 2. This is not sufficient to show that Plaintiffs sent the claim as required to the
16 "County Counsel Claims Office."[4] The "Notice of Claims" was sent *after* the
17 commencement of this lawsuit. ECF No. 4-2 ¶ 2. A "post-lawsuit claim" does not satisfy
18 the claims requirement. *Stampfli*, 2021 WL 2457379, at *10; *Le Mere v. Los Angeles*
19 *Unified Sch. Dist.*, 35 Cal. App. 5th 237, 247 (2019) ("Appellant has not cited nor are we
20 aware of any cases permitting a plaintiff to "cure" her failure to file a prelawsuit claim by
21 filing a postlawsuit claim.").

22
23
24
25
26

---

27  [4] Because the Court declines to incorporate the declarations and exhibits from Plaintiffs' opposition
28  papers, the Court does not reach the full merits of the issue regarding whether the documents would
    show full compliance with the claim presentation requirements.

1   Accordingly, the Courts finds that Plaintiffs failed to allege compliance with the

2   claim presentation requirement as to all claims and **GRANTS** the motion to dismiss. The

3   claims are dismissed without prejudice.[5]

4   **B.    Pleading Requirement under *Landers***

5   Even though the Court is dismissing the entirety of the complaint based on failure

6   to allege compliance with claims presentation, because dismissal is without prejudice and

7   Plaintiffs will be given leave to amend, the Court will also address the other arguments

8   made in the County's motion to dismiss.

9   First, the County argues that claims 1, 2, and 3 are not sufficiently pled under the

10   Ninth Circuit case, *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 643 (9th Cir.

11   2014), as amended (Jan. 26, 2015), to survive a motion to dismiss. *Landers* applied the

12   pleading standards of *Twombly* and *Iqbal* to wage and hour claims under the FLSA. The

13   Ninth Circuit held that, to survive a motion to dismiss, "a plaintiff asserting a claim to

14   overtime payments must allege that she worked more than forty hours in a given

15   workweek without being compensated for the overtime hours worked during that

16   workweek." *Id.* at 644-45. In order to comply with *Twombly* and *Iqbal*'s admonition that

17   Rule 8 does not require pleading of detailed facts, the court emphasized that this was a

18   flexible, "context-specific" standard. *Id.* at 645. The inquiry focuses on whether the

19   plaintiff alleged enough to "move" the complaint towards "plausibility" over simply

20   possibility. *Id.*

21   In so holding, the *Landers* court discussed and approved of the holdings in several

22   cases from other circuits, namely, the First, Second, and Third circuits. In *Pruell v.*

23   *Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012), the First Circuit found it insufficient for

24

25   _____

26   [5] Even though the County asks that the Court dismiss the causes of action with prejudice (*see* ECF No. 5
    at 3), the Court declines to do so at this time. "The court has discretion to dismiss with leave to amend to

27   obtain compliance with the CGCA, unless it 'could not possibly be cured by the allegation of other
    facts.'" *Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1044 (N.D. Cal. 2012) (citation omitted). The

28   Cout finds it appropriate to exercise its discretion here.

8

1  the plaintiffs to plead only that they "regularly worked hours over forty in a week and
2  were not compensated for such time." The court held that such allegations were "too
3  meager, vague, or conclusory" to move the allegations from "mere conjecture" to
4  plausibility, and that the allegations were "deficient" but "not by a large margin." *Id.* at
5  14. Then, in *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir.
6  2013), the Second Circuit found each of the three plaintiff's allegations insufficient. Even
7  though each plaintiff detailed their shifts and weekly schedule, which were in excess of
8  40 hours on occasion, the court found that they still failed to detail "how occasionally" or
9  "how long" they worked over 40 hours and failed to allege that they were denied
10  overtime pay. *Id.* at 114-15. The Second Circuit addressed this question again in
11  *Nakahata v. New York–Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir.
12  2013), holding that the plaintiffs' allegations that they "were not compensated for work
13  performed during meal breaks, before and after shifts, or during required trainings" failed
14  to state a plausible claim that they were denied overtime pay, because the plaintiffs failed
15  to allege that they "were scheduled to work forty hours in a given week." *Id.* at 201.
16  Finally, in a third case, *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d
17  Cir. 2013), the Second Circuit again found the plaintiff's allegations that in "some or all
18  weeks she worked more than forty hours a week without being paid 1.5 times her rate of
19  compensation" to be insufficient because she failed to "allege overtime without
20  compensation in a given workweek." *Id.* at 90. Similarly, in *Davis v. Abington Memorial
21  Hospital*, 765 F.3d 236 (3d Cir. 2014), the Third Circuit found insufficient allegations
22  that "he or she typically worked shifts totaling between thirty-two and forty hours per
23  week and further allege[d] that he or she frequently worked extra time." *Id.* at 242.

24      Thus, *Landers* makes clear that a plaintiff cannot rely only on general allegations,
25  devoid of any factual details or support, to state a claim. For example, since *Landers*,
26  courts in this circuit have found it too conclusory and insufficient to only allege that the
27  plaintiff "'regularly' worked without being adequately compensated, without more facts."
28  *Williams v. Securitas Security Servs. USA, Inc.*, No. 23-CV-01863-LB, 2023 WL

5310937, at *10 (N.D. Cal. Aug. 16, 2023); *Bush v. Vaco Tech. Servs.*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (plaintiff's "bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient under the standard set forth in Landers"). As another example, courts have also found it insufficient for a plaintiff to state that the defendants "required" him to work without being adequately compensated. *Williams*, 2023 WL 5310937, at *10.

On the other hand, as Plaintiffs have argued, *Landers* does not necessarily require that the plaintiff identify an exact week or instance where he was denied adequate wages. *See Sanchez v. Sams W., Inc*., No. 2:21-CV-05122-SVW-JC, 2021 WL 8531592, at *2 (C.D. Cal. Dec. 23, 2021) ("Landers does not stand for the proposition that a plaintiff asserting an overtime claim must plead an itemized calendar of each date on which he was denied overtime wages and the amount of those unpaid wages."); *Lingle v. Centimark Corp.*, No. 222CV01471KJMJDP, 2023 WL 2976376, at *3 (E.D. Cal. Apr. 17, 2023) (courts have not required "plaintiffs to identify a specific date or time frame for which they were deprived of overtime pay, minimum wages, a meal break, or a rest break") (quoting *Turner v. LTF Club Mgmt. Co., LLC*, No. 220CV00046KJMJDP, 2022 WL 1018498, at *5 (E.D. Cal. Apr. 5, 2022)); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007–08 (N.D. Cal. 2016) ("On the other hand, *Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only give rise to a plausible inference that there was such an instance.").

With this legal framework in mind, the Court turns to the allegations in Plaintiffs' complaint. The relevant allegations are:

¶ 15: Plaintiffs allege that they and the Class members were either not paid by Defendant COUNTY for all hours worked or were not paid at the appropriate minimum, regular and overtime rates;

¶ 16: Plaintiffs and Class members allege that approval for overtime was regularly denied by supervisors, but that Plaintiffs and the Class were still required by Defendant COUNTY to complete tasks that required work in

excess of eight (8) in a given work day or over forty (40) in a given work week;

¶ **17**: Defendant COUNTY required Plaintiffs and the Class to work off the clock and failed to record accurate time worked by these employees,

¶ **19**: Defendant COUNTY's wage policies and practices also prevented Defendant from recording or otherwise knowing the actual hours worked by Plaintiffs and the Class, and in turn Defendant did not maintain accurate records from which they can calculate overtime incurred. To whatever extent the hours worked by Plaintiffs and the Class members, or the actual hours paid for work completed, were greater than eight (8) in a given work day or over forty ( 40) in a given work week;

¶ **21**: Plaintiffs and the Class members regularly worked more than eight hours in a day and 40 hours in week.

ECF No. 1. The Court finds that the allegations in Paragraphs 15, 17, 19, and 21 are the type of general allegations that prior courts found insufficient under the *Landers* pleading standard. *See Landers*, 771 F.3d at 645 (cannot rely on generalized policies); *Williams*, 2023 WL 5310937, at *10 (cannot rely on allegations that plaintiff "regularly" worked or was "required" to work more than the statutory requirement). The only allegation that provides more information is Paragraph 16, which alleges that Plaintiffs were "regularly" denied overtime requests but still required to work overtime. While this additional allegation toes closer to the line, it is still nebulous, not tied to specific times frames, frequencies, tasks, or any other details. For example, it is not clear that it alleges anything more than if Plaintiffs had alleged that the County had a generalized policy of denying overtime requests while still requiring the work to be done. In *Landers*, the court found that generalized allegations that the defendant there used a compensation system that was a "de facto piecework no overtime" system were not sufficient; this allegation fares no better.

Thus, the Court finds that the allegations as currently plead do not meet the standard under *Landers*. Since the claims are being dismissed without prejudice,

Plaintiffs may amend these claims with more detailed allegations if they can in an amended complaint.

### C.      Claims 3, 4, and 5

Second, Plaintiffs allege claims against the County in Claim 3 for failure to pay overtime wages under Cal. Lab. Code §§ 204, 510, Claim 4 for failure to provide accurate wage statements under Cal. Lab. Code § 226, and Claim 5 for failure to pay wages due at separation under Cal. Lab. Code §§ 201-03. The County argues that each of these claims cannot be sustained against a local government entity. ECF No. 3-1 at 18.

The County cites to *Stoetzl v. Department of Human Resources*, 7 Cal. 5th 718, 752, 443 P.3d 924, 947 (2019), for the general proposition that "provisions of the Labor Code apply only to employees in the private sector unless they are specifically made applicable to public employees." ECF No. 3-1 at 15. The County cites cases holding that it is exempt from violations under sections 510, 226, and 200-211 of the California Labor Code. ECF No. 3-1 at 16-18.

In their opposition, Plaintiffs do not appear to dispute the County's assertion that the above mentioned sections of the labor code do not apply to it. ECF No. 4 at 9. However, Plaintiffs argue that, at this point in the litigation, it has not been established that the County was their sole employer and that there was "no other joint employer involved." *Id.* at 8. Thus, Plaintiffs appear to request that the causes of action be left in for these yet undetermined potential joint employers. *Id.* The County counters that a cause of action cannot be sustained against only doe defendants. ECF No. 5 at 5.

The parties agree that these causes of action cannot be sustained against the County. Finding that this is also supported in the law, the Court **GRANTS** the motion to dismiss these causes of action against the County for this additional reason.

With the County dismissed, these causes of action only remain asserted against Doe defendants. While use of Doe defendants is generally not favored in the Ninth Circuit, courts recognize that it is sometimes necessary to name such a defendant where a plaintiff cannot discover the identity of a defendant before filing the complaint. *Gillespie*

*v. Civilett*, 629 F.2d 637, 642 (9th Cir. 1980). Furthermore, as to state law claims, California Civil Procedure Code 474 permits use of doe defendants "[w]hen the plaintiff is ignorant of the name of a defendant." Thus, cases may sometimes proceed against Doe defendants while their identity is ascertained. However, in this case, the allegations against the Doe defendants in the complaint are generic. *See* Complaint ¶ 7 (alleging that the Doe defendants are "agents, servants, employees, permissive users, joint venturers, successors in interest, assigns and subsidiaries, each of the other"). The remainder of the complaint includes no further specific allegations as to the Doe defendants. While Plaintiffs argue in their opposition that there might be other "joint employers" of the County involved, this is speculation outside the complaint that the Court cannot consider on a motion to dismiss. *McMullen v. JPMorgan Chase Bank, N.A.*, No. CV175044DMGPLAX, 2018 WL 5880767, at *4 (C.D. Cal. Jan. 29, 2018) (courts will only consider "the four corners of the complaint, documents attached to the complaint, documents incorporated by reference into the complaint, and judicially noticed documents" on a motion to dismiss and will not consider attorney arguments made in a brief). Thus, the Court finds that these causes of action cannot be sustained against the Doe defendants as currently pled and **DISMISSES** them in their entirety without prejudice. If Plaintiffs discover private actors that they can sustain causes of action upon later during the course of discovery, they may seek to amend the complaint at that time.

//

//

//

//

//

//

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** the motion the dismiss without prejudice. Plaintiffs may file an amended complaint if they wish within **14 days of this order**.

**IT IS SO ORDERED.**

Dated:  August 30, 2023

_____
Honorable James E. Simmons Jr.
United States District Judge

14